# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTEK, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STECO, et al.,<br><br>　　　　　　Defendants. | CASE NO. 10 CV 0972 MA (CAB)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: FASTEK'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND MODIFY THE SCHEDULING ORDER**<br><br>[Doc. No. 139] |

Currently pending before the Court, and set for hearing on Tuesday, July 19, 2011 is Plaintiff Fastek LLC's motion to file a second amended complaint adding Advanced Steel Recovery, LLC ("ASR LLC") as a co-plaintiff, and to modify the scheduling order. Having considered the submissions of the parties, and in anticipation of Tuesday's hearing, the Court issues the following tentative rulings:

　　　　(i)　　　　The Court tentatively **GRANTS** Fastek's motion for leave to file a second amended complaint to add ASR LLC as a co-plaintiff.

　　　　(ii)　　　The Court tentatively finds that Fastek has satisfied the requirements of Federal Rule of Civil Procedure 16(b)(4), and demonstrated good cause to amend the scheduling order to file its motion for leave to amend the complaint. Fastek appears to have litigated this matter in good faith, and otherwise appears to have been diligent in seeking leave to amend its complaint to add ASR LLC.

   (iii) The Court tentatively concludes the record does not demonstrate the existence of an exclusive license agreement between Fastek and ASR, Inc., prior to ASR, Inc.'s restructuring in May 2008.  Under *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305 (Fed. Cir. 2010), Fastek's implied oral understanding with ASR, Inc. regarding the use of the three patents in suit, coupled with the companies' organization, is not sufficient to show that ASR, Inc. was the exclusive licensee.

  However, the Court tentatively finds that the May 15, 2008 Operating Agreement does evidence Fastek's intent to grant ASR LLC an exclusive license.  "To demonstrate entitlement to join as a co-plaintiff [ASR] must have the right to exclude others from making, using or selling the invention."  *Morrow v. Microsoft Corp*., 499 F.3d 1332, 1343 (Fed. Cir. 2007).  ASR LLC's Operating Agreement appears to grant ASR this important right.  Specifically, section 6.4.28 provides that the board of managers must unanimously approve a decision to "license any intellectual property rights owed by [ASR] or its subsidiary to a third party, ***including, without limitation, the patents owned by Fastek***."  [Frankel Decl.. Exh. 5 at FAS002070, 2073 (emphasis added).]  Under the plain language of section 6.4.28, Fastek cannot license its patents to a third party without the unanimous approval of ASR LLC's board.  Accordingly, it appears that as of May 15, 2008, Fastek conveyed a right to ASR LLC to exclude third parties from practicing the relevant patents.  Thus, ASR LLC is a proper co-plaintiff and may seek recovery for alleged infringement occurring after May 15, 2008.  Further, when Fastek assigned the patents to ASR LLC on May 19, 2011, ASR LLC became the only proper plaintiff for alleged infringement occurring after May 19, 2011.  The Court is not inclined to sever or stay ASR LLC's potential infringement claims.

  Counsel is advised the Court's rulings are tentative and the Court will entertain additional argument at the hearing on July 19, 2011.

  **IT IS SO ORDERED.**

DATED:  July 18, 2011

                   */s/ Michael M. Anello*
                   Hon. Michael M. Anello
                   United States District Judge