UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTEK, LLC, a California Limited Liability Company,<br><br>                          Plaintiff,<br><br>   v.<br><br>STECO, a division of Blue Tee Corporation, BLUE TEE CORP., a Delaware Corporation, and SIERRA INTERNATIONAL MACHINERY, LLC, a California Limited Liability Company,<br><br>                          Defendant. | Civil No.   10cv0972-MMA (CAB)<br><br>**ORDER:**<br>**1) DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO COMPEL [Doc. No. 152]; and,**<br>**2) GRANTING JOINT MOTION TO EXTEND FACT DISCOVERY CUT-OFF [Doc. No. 159]** |

On July 27, 2011, the Court held a telephonic hearing on defendants' motion to compel plaintiff Fastek, LLC ("Fastek") to provide further responses to interrogatories. [Doc. No. 152.] Plaintiff filed an opposition. [Doc. No. 168]. Defendants filed a reply. [Doc. No. 175.] Valerie Ho, Esq., Frank Ubell, Esq., and Kamran Salour, Esq., appeared for plaintiff. Mark Brown, Esq., Stephen Swinton, Esq., Chris DeBacker, Esq., and David Kowalski, Esq., appeared for defendants Steco and Blue Tee Corp (collectively "Steco"). Having considered the submissions of the parties and the arguments of counsel, the motion is **GRANTED in part** and **DENIED in part**.

On May 13, 2011, Steco served its second set of interrogatories on Fastek. Fastek served timely responses and objections on June 15, 2011. Steco moves to compel further responses to Interrogatories Nos. 4, 5, 8, 9 and 11.

1

Interrogatory No. 4 requests that Fastek state all facts supporting its responses to Requests for Admission Nos. 72 and 73, if the response was anything other than an unqualified admission. Fastek responded to each Request for Admission that it did not have sufficient information to admit or deny the request. In its response to Interrogatory No. 4, Fastek provided its explanation why it could not provide an admission or denial. Steco finds the interrogatory response unsatisfactory. Fastek's verified response was that it does not have sufficient familiarity with the prior art listed in the Requests for Admission to respond to the request. No further response is compelled. The motion as to Interrogatory No. 4 is **DENIED**.

Interrogatory No. 5 requests that Fastek state the level of ordinary skill in the relevant art that Fastek contends should apply to the asserted claims of the Patent-in-suit. Fastek objected based on privilege and because it seeks expert analysis. The objection is overruled. The person of ordinary skill in the field of the invention is the person through whose eyes the claims are construed. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). It is a factual determination and Fastek argued in the claim construction how a person of ordinary skill in the art would interpret the asserted patents. [Doc. No. 75, at 11-12.] Steco's request asks Fastek to describe that person to whom Fastek alluded in its claim construction briefing. The motion to compel as to Interrogatory No. 5 is **GRANTED**. Fastek will provide a supplemental response no later than **August 5, 2011**.[1]

With regard to Interrogatories Nos. 8, 9 and 11, Fastek served supplemental responses while the motion to compel was pending.

Interrogatory No. 8 requests Fastek describe the terms of a hypothetical license between the parties, including identification of the royalty base, the royalty rate, the method of calculation and licenses supporting the royalty calculation. Fastek raised a number of objections but, in its supplemental response, described the terms of a hypothetical license agreement. Fastek did not include any actual calculations or identify any actual licenses supporting the hypothetical terms.

---

[1] Counsel for Fastek represented during the hearing that Fastek has no defined person of ordinary skill in mind. If that is the case, the supplemental response should state that Fastek has not defined a person of ordinary skill in the art.

1  The motion to compel is **GRANTED** in so far as Fastek is ordered to further supplement its
2  response with any facts responsive to this interrogatory that have been provided to Fastek's expert
3  to assist in the calculation of a reasonable royalty, and the identification of any licenses Fastek has
4  for the patents at issue.  Such information must be disclosed to Steco no later than **August 5, 2011**.
5  If Fastek has no further factual information to disclose it should so state.

6  Interrogatories Nos. 9 and 11 inquire about the facts supporting damages claims for lost
7  profits and price erosion.  Fastek raised a number of objections but, in its supplemental responses,
8  stated that it had experienced a steady increase in revenue on the sales of scrap purchased from
9  customers from January 2009 through approximately May 2010, and a steady decline thereafter
10 which it attributes to Steco's presence in the market.  This response is essentially a recitation of the
11 theory of lost profits:  but for the defendant's allegedly infringing actions, the plaintiff would have
12 made appreciated certain profits.  The response is devoid of any factual content.  The motion to
13 compel is **GRANTED**.  Plaintiff is ordered to provide the historical financial data supporting this
14 statement and identify any customers it will rely upon in support of its lost profits claims.  Fastek
15 will make supplemental responses to Interrogatories Nos. 9 and 11 no later than **August 5, 2011**.

16 To the extent Fastek's supplemental responses are based on financial and/or accounting
17 documents not previously provided to Steco, such documents should be made available for
18 inspection and copying with the supplemental discovery response.  Failure to disclose the facts and
19 documents that support Fastek's damages claims may result in sanctions, including but not limited
20 to the exclusion of damage theories.

21 Additionally, the parties brought a joint motion to extend the fact discovery cutoff from
22 July 22, 2011 to August 5, 2011.  [Doc. No. 159.]  The Court finds good cause to **GRANT** the
23 motion.  The Scheduling Order entered April 26, 2011 [Doc. No. 126] is hereby amended and all
24 fact discovery shall be completed on or before **August 5, 2011**.  All other dates remain the same.

25 **IT IS SO ORDERED.**

26 DATED:  August 3, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge