UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTEK, LLC, a California Limited Liability Company,<br><br>                              Plaintiff,<br><br>v.<br><br>STECO, a division of Blue Tee Corporation, BLUE TEE CORP., a Delaware Corporation, and SIERRA INTERNATIONAL MACHINERY, LLC, a California Limited Liability Company,<br><br>                              Defendant. | Civil No.   10cv0972-MMA (CAB)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR LEAVE TO OBTAIN DISCOVERY ON APPARENT INEQUITABLE CONDUCT**<br>**[Doc. No. 194, 196]** |

On September 2, 2011, the Court held a telephonic hearing on defendants Steco and Blue Tee Corporation's ("Steco") motion for leave to obtain discovery on apparent inequitable conduct after the fact discovery cutoff. [Doc. Nos. 194 and 196.] Plaintiff Fastek filed an opposition. [Doc. No. 211.] Steco filed a reply. [Doc. No. 215.] Valerie Ho, Esq., and George Belfield, Esq., appeared for plaintiff. Stephen Swinton, Esq., appeared for defendant Steco. Having considered the submissions of the parties and the arguments of counsel, the motion is **GRANTED** as follows.

On June 16, 2011, Steco served requests for production on Fastek that included requests for documents regarding the design, development, conception and reduction to practice of the claimed invention. Fastek produced documents in response to those requests on July 21, 2011.

1   Steco then took the deposition of Nathan Frankel, the inventor of the claimed invention and
2   principal of Fastek.  Based on information obtained in the document production and Frankel's
3   deposition, Steco contends that Fastek made material omissions in declarations submitted to the
4   Patent Office to overcome a section 112 rejection.  Steco seeks leave to pursue discovery into this
5   matter and ultimately to seek leave to amend its answer and assert the affirmative defense of
6   inequitable conduct.

7         Fact discovery closed[1] in this case on July 22, 2011, the day of Mr. Frankel's deposition.
8   Further discovery into information learned at the very close of the fact discovery period is not
9   allowed without leave of court and good cause.  Steco requests leave to take depositions of the two
10  individuals who provided the declarations at issue and counsel who represented Mr. Frankel in the
11  prosecution of the patent application.

12        Steco contends had Fastek provided a full disclosure of documents required by Patent
13  Local Rule 3.2 and this Court's Scheduling Order, the information that gives rise to Steco's
14  allegations would have come to its attention in a timely manner and Steco would have recognized
15  and pursued this issue well before the discovery cut-off.

16        Fastek opposes any reopening of discovery and the potential delay that would result.
17  Fastek contends that its Rule 3.2 disclosures complied with the rules.  It was solely Steco's lack of
18  diligence in pursuing discovery in this case that gives rise to Steco's untimely request to obtain
19  these depositions.  Further, Fastek contends that the inequitable conduct allegations Steco asserts
20  cannot meet the standard set forth by the Federal Circuit in *Therasense, Inc. v. Becton, Dickison*
21  *and Co.*, 2011 WL 2028255 (Fed. Cir. May 25, 2011), so the delay that the requested discovery
22  will generate will be for nought in the end.

23        With regard to the matter of diligence, the Court finds that both parties contributed to
24  the delay in identifying this potential issue.  Fastek was obligated, pursuant to Patent Local Rule
25  3.2, to voluntarily provide "all documents evidencing the conception, reduction to practice, design
26  and development" of the invention, as well as development agreements with third parties.  Much

---

[1] The parties were given a continuance beyond the deadline of July 22, 2011, to conclude specific and discreet discovery issues.

Case 3:10-cv-00972-MMA-CAB   Document 218   Filed 09/02/11   PageID.5995   Page 3 of 3

of this was not provided until Steco initiated its discovery request, contributing to the delay in the identification of the issues raised by Steco. Steco's delay in pursuing this discovery further contributed to this problem.

This Court will not address the ultimate merits of Steco's inequitable conduct allegations, as that will be a matter properly for the trial judge. For purposes of discovery, this Court finds that Steco has identified an issue that it should be permitted to investigate for purposes of supporting its motion for leave to amend. Conversely, Fastek will be afforded the opportunity to use the discovery to oppose the motion.

The question of inequitable conduct in the prosecution of a patent is significant, not only to the parties in this litigation, but to the public and the patent system itself. Steco's motion is **GRANTED** as follows. The Court finds it appropriate to allow Steco to proceed with the depositions of Lemna Hunter and Dion Genchi, the two declarants who provided the affidavits to the Patent Office regarding the adequacy of the specification. The depositions will be scheduled to be completed prior to the date Fastek is required to respond to Steco's motion for leave to amend. The request to depose the patent attorneys involved in the preparation of the application is **DENIED** without prejudice and may be raised again if Steco is granted leave to amend.

DATED: September 2, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

3

10cv972