UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTEK, LLC, a California limited liability company,<br><br>                                            Plaintiff,<br><br>v.<br><br>STECO, a division of Blue Tee Corporation; BLUE TEE CORP., a Delaware corporation; and SIERRA INTERNATIONAL MACHINERY, LLC, a California limited liability company,<br><br>                                              Defendants. | Civil No.   10cv0972-MMA (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**[Doc. No. 210]** |

      On August 25, 2011, Fastek filed a motion to compel the production of documents and responses to deposition questions and to exclude the opinion of counsel produced by defendants Steco and Blue Tee Corporation (jointly "Steco"). [Doc. No. 210.] Steco filed an opposition. [Doc. No. 227]. Fastek filed a reply. [Doc. No. 233.] A telephonic hearing was scheduled for September 9, 2011; however, the Court was closed due to an emergency. Having reviewed the parties' submissions, the Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). The motion is **GRANTED** in part and **DENIED** in part.

A. <u>Fastek's Motion to Exclude</u>

      The Scheduling Order in this case required Steco to produce an opinion of counsel and any documentation relating to the opinion no later than May 20, 2011. Steco was on notice that if it failed to comply with that requirement it would not be permitted to rely on an opinion of counsel as part of a

defense to willful infringement. [Doc. No. 126, ¶3.] Steco asserted attorney-client privilege in response to requests from Fastek for documents supporting its contentions of non-infringement and specifically in response to requests for any opinions of counsel. The assertion of the privilege was without prejudice until May 20, 2011. At that point, Steco was obligated to waive and produce the responsive documents, or retain the privilege but be precluded from introducing an opinion of counsel as a defense to willful infringement allegations.

Steco did not waive the privilege on May 20, 2011 and did not produce any previously withheld documents regarding opinion of counsel. Consequently, absent a stipulation by the parties or an order by the Court based upon a showing of good cause, Steco is precluded from introducing an opinion of counsel as a defense to any willful infringement allegations.[1]

On June 16, 2011, Steco provided an opinion letter dated September 24, 2008, prepared by attorney Mark Brown, who is also a counsel of record for Steco in this litigation, and indicated it was waiving the privilege.[2] On July 25, 2011, Fastek proceeded with Mr. Brown's deposition regarding the opinion letter and its preparation. Fastek was dissatisfied with Mr. Brown's testimony and the production regarding his opinion letter. On August 25, 2011, Fastek filed its motion to compel the production of additional documents and to compel Mr. Brown's testimony. Fastek also moved to exclude Mr. Brown's opinion due to the untimely waiver by Steco.

In opposition, Steco acknowledges its waiver was untimely. It offers no explanation for the failure to comply with the Court's scheduling order, but argues that Fastek did not raise any objection to the untimely waiver and received the opinion, deposed Mr. Brown, and therefore Steco contends that Fastek was not prejudiced by the late election so the opinion should not be excluded. Fastek, however, is not stipulating to Steco's untimely disclosure and argues it is prejudiced by the inadequacy of Steco's

---

[1] A finding of willful infringement is based on the totality of the circumstances. *nCube Corp. v. Seachange Intern., Inc.,* 436 F.3d 1317, 1323 (Fed. Cir. 2006). A defendant's decision not to consult with counsel, or not to waive the privilege regarding such consultation does not create an adverse inference. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corp.,* 383 F.3d 1337, 1347 (Fed. Cir. 2004) (en banc). Steco's decision not to waive its privileges with regard to the opinion of counsel does not preclude a defense to an allegation of willfulness, if Steco relied upon, and provided evidentiary support in discovery of, other circumstances.

[2] The letter had previously been withheld based on privilege and was listed on Steco's privilege log.

production regarding the opinion letter and objections made at Mr. Brown's deposition instructing him not to answer certain questions.

Steco has not set forth a satisfactory explanation for its untimely waiver of Mr. Brown's opinion. The consequence of the failure to waive by May 20, 2011 is a self-executing exclusion of the opinion letter. Fastek had no obligation to object to the delay or show prejudice. Steco cannot shift that burden to Fastek. Steco has not demonstrated good cause for its failure to comply with the scheduling order regarding the production of opinion of counsel. Fastek's motion to exclude the September 24, 2008 opinion of counsel produced by Steco is **GRANTED**.

Fastek's related requests for further production of documents regarding the opinion, specifically the request for further responses to Document Requests Nos. 71, 72 and 76, and for further responses to deposition questions are **DENIED as moot** in light of the exclusion of the opinion of counsel. The opinions of Mr. Brown, how they were reached and any testimony regarding his advice to Steco is excluded, no further discovery in this area is warranted.

B.     Supplemental Document Production

Fastek also seeks an order compelling further production to Requests for Production Nos. 78, 79, 80 and 83. [Doc. No. 210, at 2, "Document Requests At Issue On This Motion".] These requests were all the subject of a previous motion to compel brought by Fastek in January 2011, to which the Court ordered Steco produce all non-privileged responsive documents no later than February 7, 2011. [Doc. No. 68.] Fastek's motion makes no specific reference to further production sought in response to Requests Nos. 78, 79 and 80. With regard to Request No. 83, Fastek contends that production of three groups of documents should be ordered as within the scope of this request made for "all documents other than pleadings in this action which mention or reference in any manner Fastek or any of its products; patents; patent applications; inventors; officers; present or former, or employees, present or former."

An interrogatory response served by Steco on July 21, 2011, identified certain industry publications to which Steco employees may have had access. Fastek argues that the publications should have been produced in response to its Request No. 83 and were not. Fastek demands Steco produce the trade publications.

///

The Court first notes that fact discovery closed[3] in this case on July 22, 2011.  Consequently, Fastek left itself no opportunity to follow up on discovery it propounded for which the timely service of responses was the day before the close of discovery.  Further, Fastek had 30 days from the service of the interrogatories (August 22, 2011 at the latest) to bring its discovery motion and did not file a timely request.  Further, the documents sought by Fastek, identified in the interrogatory response would be equally available to Fastek so the Court is not convinced that Steco should be compelled to search for trade publications.  The motion to compel production of the trade publications is **DENIED**.

On June 21, 2011, Fastek took the deposition of Richard Secrist and learned Mr. Secrist has contact information for Nathan Frankel in Mr. Secrist's Outlook computer file.

> Q: Do you have any contact information for any ASR employees, including Mr. Frankel, in your records?
> MR. SECRIST: Yes.
> Q: Whose contact information do you have?
> MR. SECRIST: Mr. Frankel.
> Q: Have you had it since the time of that visit to ASR?
> MR. SECRIST: Yes.
> Q: Is it in your computer?
> MR. SECRIST: It is in Outlook.

[Ubell Decl., Ex. L, at 37, lodged in support of motion.]

Mr. Secrist's Outlook file with Mr. Frankel's contact information was not produced.  Fastek surmises from the above exchange that the file may contain information in addition to Mr. Frankel's contact information, although there is no indication in the deposition testimony that it is anything more than Mr. Frankel's contact information (*i.e.*, address, phone, facsimile, email).  Based on this deposition testimony, Fastek demands the production of Mr. Secrist's and Michael Dorsey's Outlook files as responsive to Request No. 83 and Request No. 101, regarding documents sufficient to show when defendants first learned of the Fastek.

Any discovery motion regarding production of this information should have been made no later than 30 days after Mr. Secrist's deposition.  The motion is untimely.  The motion to compel production of the Outlook files of Richard Secrist and Michael Dorsey is **DENIED**.

///

---

[3] The parties were given a continuance beyond the deadline of July 22, 2011, to conclude specific and discreet discovery issues.

1    The parties requested permission to take Jim Erler's deposition on July 26, 2011, beyond the discovery cut-off, which the Court allowed. [Doc. Nos. 159, 180.] The deposition apparently did not take place until August 8, 2011. Mr. Erler testified that to his knowledge his computer files were not searched with regard to this litigation. Fastek demands the search and production of responsive documents from Mr. Erler's files.

In opposition, Steco represents that Mr. Erler has no records responsive to the plaintiff's requests. Mr. Erler provided a declaration stating he searched his records and files and found no documents that "pertain to the present litigation or the Steco Scrapper." Further, he declared that a DVD referenced in his deposition, that Fastek seeks in response to its production Request No. 6, is no longer in his possession. Given the declaration of Mr. Erler, an order compelling the production of his documents would appear futile, consequently the motion to compel production of Mr. Erler's computer records and the DVD is **DENIED**. In accepting Mr. Erler's declaration that he has made a search and has no responsive documents, the Court admonishes Steco that it is precluded from introducing any of Mr. Erler's files or documents, should responsive documents come to its attention.

Finally, Fastek complains that Steco has not produced any email from 2007 into 2008 responsive to its requests. The Court notes that Fastek previously moved for further production of documents responsive to the requests it raises again in this motion. Steco was ordered to provide further responses to these requests no later than February 7, 2011. Fastek was certainly aware since February of this gap in Steco's production however took no initiative to raise this issue with the Court. Now more than a month after the close of discovery, Fastek is demanding that Steco be ordered to do an archival search for emails from 2007 and 2008 responsive to Fastek's discovery requests. This motion comes too late and is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 21, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge