UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTEK, LLC, a California limited liability company,<br><br>                                    Plaintiff,<br><br>  v.<br><br>STECO, a division of Blue Tee Corporation;<br>BLUE TEE CORP., a Delaware corporation; and<br>SIERRA INTERNATIONAL MACHINERY,<br>LLC, a California limited liability company,<br><br>                                    Defendants. | Civil No.   10cv0972-MMA (CAB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**<br><br>**[Doc. No. 200]** |

    Before the Court is defendants Steco and Blue Tee Corporation's ("Steco") motion to compel further responses to discovery. [Doc. No. 200.] Plaintiff Fastek filed an opposition. [Doc. No. 217]. Steco filed a reply. [Doc. No. 232.] A telephonic hearing was scheduled for September 9, 2011; however, the Court was closed due to an emergency. Having reviewed the parties' submissions, the Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

    During the briefing of this motion, certain issues were resolved. The Court, therefore, addresses the two remaining issues, regarding further production in response to Requests Nos. 35 and 72.

    On June 16, 2011, Steco served requests for production on Fastek that included Request No. 35, for "all documents, including patentability opinions, that address the patentability of the subject matter of the patents-in-suit or any related patents." On July 18, 2011, Fastek served a response, with

objections including attorney-client privilege and work product assertions.  No documents were produced in response to this request in addition to the file histories of the patents-in-suit which were previously produced.  Steco challenges Fastek's withholding of any attorney opinions on patentability asserting Fastek waived the privilege as to this subject matter.

Steco's waiver argument is based on an article published in July 2005 on the Rednova News website, in which Nathan Frankel, the inventor and principal of Fastek, is credited with making the statement, in response to the question "how sure are you that you will get a patent for Fastek?"

> We've been working on this for 18 months and my attorneys tell me that there is nothing else like this anywhere in the market.  When they tell you that, in writing, they're putting their own reputations on the line.  There's a lot at stake for them, so I'm pretty confident.  But there are no guarantees.

Based on this public disclosure, Steco has requested all the documents in which counsel communicated to Frankel their opinions about the novelty, or non-obviousness of the Fastek patent subject matter.

Fastek has refused to provided any documents from counsel on a number of bases.  First, Fastek asserts that Steco has not established that the statements attributed to Frankel were actually made by him; second, that the statements are hearsay and "fluff" remarks without substantive content; third, that Fastek is not relying on the statements so there is no indication of an intentional waiver of the privilege, and fourth, the statement says no more than what has already been asserted in public filings so no confidential information was disclosed.

Had Steco merely discovered this article in the course of its investigation and presented it as a waiver of the privilege, the argument would not be compelling.  However, the circumstances are more complicated.  Fastek produced this article in discovery.  It is marked as FAS002513-14.  [Ex. D to Steco's motion.]  Moreover, Fastek identified the article as evidence of the non-obviousness of the patented invention.  [Ex. E to Steco's motion, at 8:23-24.]

Fastek has indicated it intends to rely on this article as evidence of nonobviousness, including the statement attributed to Frankel[1] that his attorneys advised him that the subject matter of his patent was unlike anything else in the market.  Fastek has injected a confidential communication into this lawsuit

---

[1] If Fastek elects to stand on its arguments that Frankel did not make the statement, it is unreliable hearsay, and irrelevant fluff, then the article cannot be used as evidence of nonobviousness and is precluded from use in any proceeding and at trial.

and waived the privilege with regard to counsel's opinions on patentability and bases of those opinions. This was a voluntary disclosure of the substance of privileged communication, particularly in light of the fact that Fastek intentionally inserted it into this litigation.

One cannot introduce evidence stating that counsel put his reputation on the line in advising the client that "there is nothing else like [the subject matter of the patent] anywhere in the market" and then assert the privilege as to those communications.  If Fastek intends to rely on this article as evidence of nonobviousness or in any other capacity, the "writing" by counsel that is referenced in the article and all communications related to that writing and counsel's opinion on patentability must be produced.  Fastek may not benefit from the partial disclosure of its attorney's opinion and then assert privilege to deny Steco the opportunity to examine that opinion.

Fastek may, however, elect to withdraw the article and preserve the privilege.  If it chooses to do so, no reference may be made to the article or the counsel's opinions in any proceeding or trial.  Fastek will elect to withdraw the article or make the production, no later than **September 30, 2011**.

Steco's document request served June 16, 2011, also included Request No. 72 for "Fastek's income statements, balance sheets, cash flow statements, audited and unaudited financial statements, accounting notes, tax filings, annual reports, and any other periodic financial reports for each fiscal quarter from 2007 through the present."  Fastek served a response on July 18, 2011, including various objections, and acknowledged it would produce financial statements.  Steco moves specifically for the production of tax filings which were requested and not produced.

Fastek argues it has no responsive documents to produce, as it does not file "separate federal or state tax returns."  Steco points out its request is not limited to tax returns, but requests tax filings, and specifically seeks California Tax Form 568.  Fastek will produce any California Tax Form 568, filed from 2007 to the present, or provide a verified statement that it made no such filing.  Responsive documents will be produced no later than **September 30, 2011** and may be produced "Confidential Attorney's Eyes Only" under the terms of the protective order.

**IT IS SO ORDERED.**

DATED:  September 26, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge