UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTEK, LLC, a California limited liability company,<br><br>                                Plaintiff,<br><br>   v.<br><br>STECO, a division of Blue Tee Corporation; BLUE TEE CORP., a Delaware corporation; and SIERRA INTERNATIONAL MACHINERY, LLC, a California limited liability company,<br><br>                                Defendants. | Civil No.   10cv0972-MMA (CAB)<br><br>**ORDER:**<br>**1) GRANTING PLAINTIFF'S MOTION TO STRIKE [Doc. No. 238]; and,**<br>**2) GRANTING PLAINTIFF'S MOTION TO COMPEL [Doc. No. 240]** |

On September 16, 2011, Fastek filed a motion to strike portions of the report of Terry Faddis, defendant Steco and Blue Tee Corporation's (jointly "Steco") expert on invalidity. [Doc. No. 238.] On September 24, 2011, Fastek filed a motion to compel production of documents regarding the sale of Steco's scrapper operations and technology to a third-party. [Doc. No. 240.]

The Court did not request further briefing from the parties.[1] A telephonic hearing was held on September 26, 2011 on both motions. George Belfield, Esq., and Valerie Ho, Esq., appeared for Fastek. Stephen Swinton, Esq., and Dan Schecter, Esq., appeared for Steco. The motions are GRANTED as follows.

---

[1] Steco's counsel was given leave to provide a written opposition to the motion to strike to enable him to make a record of his argument. The opposition will not exceed five pages and may be filed <u>no later than October 5, 2011</u>. Steco's right to appeal this Court's order to the District Judge will run from filing of its opposition, but not later than October 5, 2011.

**Fastek's Motion to Strike**

On August 19, 2011, pursuant to the Scheduling Order in this case [Doc. No. 126], Steco served the report of its expert, Terry Faddis, on the invalidity of the patents-at-issue. The report includes two prior art references, U.S. Patent No. 3,186,566 ("Spinanger patent") and U.S. Patent No. 3,815,746 ("Gilfillan patent") as part of the expert's invalidity analysis. The Spinanger and Gilfillan patents are prior art references cited on the patents-at-issue. Consequently, Steco has been aware of these references since the beginning of this lawsuit, at least.

On May 27, 2011, Steco served its final invalidity contentions on Fastek. These contentions make no reference to the Spinanger or Gilfillan patent in the analysis set forth. Despite the absence of these references in Steco's contentions, the expert has incorporated them in his report. Fastek moves to strike these prior art references as part of Steco's invalidity analysis.

The Patent Local Rules require that a party opposing a claim of infringement serve invalidity contentions which must contain the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, and a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. Patent L.R. 3.3, 3.6. In this case a final set of these contentions was scheduled to be served prior to the exchange of expert reports. [Doc. No. 126.] Steco's final contentions did not include the Spinanger or Gilfillan patents. The argument of Steco's counsel that the references are cumulative to that which was disclosed in the contentions does not excuse the absence of their identification with the particularity required by the Patent Local Rules.

Fastek was entitled to know all the art, and in what combinations, Steco would be relying upon for its invalidity analysis in Steco's final invalidity contentions. These references were not included, although fully known to Steco at the time its final contentions were served. They are not properly part of the expert's report. The motion to strike is **GRANTED**.

**Supplemental Document Production**

Fastek also seeks an order compelling the production of an asset purchase agreement between defendant Blue Tee Corp. and Astec Industries, Inc., and all related documents. Some time in August, Fastek learned that defendant Blue Tee reached an agreement with Astec to sell Astec certain assets of Blue Tee Corp., including Steco, the division responsible for the alleged infringing product. Fastek

requests Blue Tee produce the executed agreement and all related documents including drafts, proposals, negotiations, and due diligence documents, and all other e-mails, correspondence, notes and memos regarding the transaction.

As is generally the case in this matter, nothing is simple. The relevance of the sale of the Steco division to this litigation is limited. On May 19, 2011, Fastek transferred all right, title and interest in the patents-at-issue to its parent company, Advanced Steel Recovery. Consequently, Fastek's remedies in this case are limited to past damages for infringement up to May 19, 2011. If the liability for those damages shifts to Astec with the asset purchase, Fastek is entitled to know that. Consequently, the relevant pages of the purchase agreement that disclose the assumption of liabilities or any indemnification agreement related to this litigation will be produced.

Fastek also argues it is entitled to all the due diligence communications related to the sale of the Steco scrapper line, the accused product. Valuation of the product line and other financial information provided to Astec in the negotiation of the purchase is relevant to Fastek's damages analysis, with regard to a reasonable royalty analysis[2] for Blue Tee's past sales of the alleged infringing product.

The documents and communications sought by Fastek are responsive to discovery requests it served earlier in the case. Although the documents at issue were created after the requests were served, defendant is required to supplement its responses to include the information presented to Astec on the scrapper product line. The Court, however, disagrees with Fastek's argument that this obligation continues indefinitely. At some point fact discovery ends in every litigation. The Scheduling Order in this case ended fact discovery on July 22, 2011. Parties would be unable to provide expert reports, or prepare for trial if they were obligated up to and during trial, to produce documents created and disclose communications made, after the close of fact discovery even if they would be responsive to requests made during the discovery period.

Plaintiff's motion to compel production of the asset purchase agreement and the due diligence documents and communications leading up to the agreement is **GRANTED** as follows: Defendant will produce the provisions of the agreement relating to the transfer of the Steco scrapper product line to

---

[2] Patent law dictates that "upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284.

1  Astec, including any provisions regarding assumption of liabilities or indemnification for this litigation.
2  Defendant will also produce any documents or communications regarding the financial performance and
3  valuation of the Steco scrapper product line provided to Astec up to July 22, 2011.  The documents may
4  be designated pursuant to the protective order and will produced no later than **October 7, 2011**.

**IT IS SO ORDERED.**

DATED:  September 27, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge