UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTEK, LLC, a California limited liability company,<br><br>              Plaintiff,<br><br>    v.<br><br>STECO, a division of Blue Tee Corporation; BLUE TEE CORP., a Delaware corporation; and SIERRA INTERNATIONAL MACHINERY, LLC, a California limited liability company,<br><br>              Defendants. | Civil No.   10cv0972-MMA (CAB)<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br>**[Doc. No. 237]** |

   Before the Court is defendants Steco and Blue Tee Corporation's ("Steco") motion to compel production of documents. [Doc. No. 237.] Plaintiff Fastek filed an opposition. [Doc. No. 250]. The Court held a telephonic hearing on September 28, 2011. Valerie Ho, Esq., George Belfield, Esq., and Frank Ubell, Esq., appeared for plaintiff. Daniel Schecter, Esq., Mark Brown, Esq., and Stephen Swinton, Esq., appeared for defendants. Having reviewed the parties' submissions, and considered the argument of counsel, the motion is **GRANTED in part** and **DENIED in part.**

   In this motion, Steco demands the production of certain documents on Fastek's privilege log. Steco challenges withholding of these documents based on privilege claims. Initially Steco requested documents identified on the log as 55, 56, 57, 65, 68, 69 and 72. Prior to the hearing Steco also identified documents 286, 287 and 288. The bases for challenging the privilege designation with regard to the additional documents was the same as the initially designated documents. With its opposition,

Fastek was directed to provide the withheld documents to the Court for an *in camera* review, which it did including the three newly identified documents.

Prior to the hearing Fastek withdrew its claim of privilege as to Documents 68, 69 and 72 and produced those. [Doc. No. 250 at 1.] Consequently, the Court will address the remaining documents.

Fastek[1] engaged a company named Mechtronic Solutions, Inc. ("MSI") to assist in design and reduction to practice of the commercial embodiment of the parent application of the patented invention. The relationship was governed by a Non-Disclosure Agreement. MSI employees provided information to Fastek's patent counsel to assist in the preparation of the patent application. Fastek contends those communications are attorney-client privileged because MSI was acting as Fastek's agent in its communications with the patent prosecutors. [Doc. No. 250 at 4.]

Following the hearing, the Court made further review of the Nondisclosure Agreement provided by Fastek, as defining the relationship of MSI and ASR. The agreement specifically states that nothing contained in the agreement shall be construed as making either party an agent or representative of the other, contrary to the position taken by counsel for Fastek. Consequently, the agency argument as to the scope of all communications between MSI employees and patent counsel being privileged is questionable. The discovery that Steco has been permitted to pursue at this time however, is limited to the circumstances surrounding the preparation of the declaration by Mr. Hunter. The Court therefore limits its analysis to withheld documents relevant to that issue.

In the course of the prosecution, Lemna Hunter, an MSI employee, provided a declaration to be submitted to the Patent Office, in response to an Office Action, regarding the adequacy of the disclosure. Documents 55, 56, 57 and 65 withheld on the privilege log are with regard to that declaration. Whether Fastek can claim that MSI was acting as its agent in communications with counsel regarding other aspects of the prosecution of the parent patent, the circumstances of the declaration are distinguishable.

Hunter was acting as an independent individual, not as a representative of Fastek, in providing the declaration. He was not the client. His communications with Fastek's counsel are not privileged. The privilege objection is overruled and documents 55, 56, 57 and 65 will be produced no later than

---

[1] The arrangement with MSI was with Fastek's parent company ASR, the original assignee of the parent application. For purposes of this motion the Court will refer to the agreement as if Fastek was the party.

**September 30, 2011.**  Because the discovery being allowed at this time is limited, the Court will not address the question of whether the privilege applies to other communications between MSI and patent counsel.

With regard to document 286, the Court determines there is no privileged content.  The privilege objection is overruled and the document will be produced. Documents 287 and 288 do not relate to the preparation of the declaration.  The motion for their production is **DENIED**, based on limited scope of discovery that has been afforded Steco without determination of the privilege claim.

DATED:  September 29, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge